**Randall AMSTER, Plaintiff–Appellee,**

v.

**CITY OF TEMPE, Defendant–Appellant.**

No. 00–15387.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 23, 2001*

Filed May 15, 2001

Marlene A. Pontrelli, Deputy City Attorney, Tempe, Arizona, for the defendant-appellant.

* Special Session held at Arizona State University College of Law.

Randall Amster, Pro Se, Tempe, Arizona, plaintiff-appellee.

Before: Thomas G. Nelson, Michael Daly Hawkins, and Richard C. Tallman, Circuit Judges.

TALLMAN, Circuit Judge:

We must determine the facial constitutionality of a city ordinance that requires a person who wishes to sit or lie on a city sidewalk for specific kinds of events to first obtain a permit. Randall Amster argues that requiring a permit when such conduct occurs as part of a demonstration violates the First Amendment. We hold that it does not.

I

Tempe City Code Section 29–70 (the "Ordinance") declares:

No person shall sit or lie down upon a public sidewalk or upon a blanket, chair, stool, or any other object not permanently affixed upon a public sidewalk or median in the downtown central commercial district during the hours between 7:00 a.m. and 10:00 p.m. on weekdays and between 7:00 a.m. and 1:00 a.m. on Fridays and Saturdays.

*Id.* § 29–70(a).[1] Subsection (b) lists several exceptions to this broad prohibition, including an exception for any person participating in a demonstration for which a permit has been obtained:

The prohibition in subsection (a) shall not apply to any person ... participating in or attending a parade, festival, performance, rally, demonstration, meet-

1. The full text of the Ordinance is set forth in the Appendix to this opinion.

ing or similar event conducted on the public sidewalk pursuant to a permit[.]

*Id.* § 29–70(b)(3) (the "Permitting Provision"). The City has neither passed a statute nor promulgated regulations governing the issuance of demonstration permits. However, it has developed a standard permit application. The application requires an applicant to provide his or her name and telephone number and the date, time, and location of the demonstration. The City asserts that its policy is to issue a permit to every applicant within minutes of receiving an application.

Amster has organized several demonstrations since the Ordinance became effective. His demonstrations generally have had two purposes: to commemorate dates such as Martin Luther King, Jr.'s birthday and Mahatma Gandhi's death, and to protest the Ordinance by violating it. Although Amster has deliberately chosen not to comply with the Permitting Provision for any of his demonstrations, they have occurred without incident. Neither Amster nor any other participant has been arrested or cited by the police.

Amster nonetheless brought suit in district court to stop the City from enforcing the Ordinance, claiming it was facially unconstitutional under the First and Fourteenth Amendments. The district court agreed and entered summary judgment in Amster's favor enjoining the City from enforcing the Ordinance.

The City appealed. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order granting summary judgment. *Harwin v. Goleta Water Dist.*, 953 F.2d 488, 489 (9th Cir. 1991).

## II

Parties that request the "manifestly[ ] strong medicine" of facial invalidation of an ordinance engage in an uphill battle; such a remedy is granted "sparingly and only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Our holding in *Roulette v. City of Seattle*, 97 F.3d 300 (9th Cir.1996), compels us to reject Amster's argument that the Permitting Provision is facially invalid under the First Amendment.

In *Roulette*, we observed that "the Supreme Court has entertained facial freedom-of-expression challenges only against statutes that, by their terms, sought to regulate spoken words, or patently expressive or communicative conduct such as picketing or handbilling." *Id.* at 303 (internal quotation marks and citation omitted). The Seattle ordinance in *Roulette*, like the one before us today, regulated sitting or lying on a public sidewalk, conduct that is not necessarily expressive by itself. *Id.* at 303–04. Because the *Roulette* ordinance regulated only conduct not "integral to, or commonly associated with, expression," we "reject[ed] plaintiffs' facial attack on the ordinance." *Id.* at 305.

In light of *Roulette*, we reject Amster's facial attack on the Ordinance. *See also City of Chicago v. Morales*, 527 U.S. 41, 52–53, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (upholding an ordinance that prohibited loitering against a facial First Amendment attack because it did not regulate conduct "apparently intended to convey a message"). The Permitting Provision merely provides a mechanism by which protestors can engage in a certain form of conduct that is otherwise criminalized.[1] The Provision facially regulates

---

1. The *Roulette* plaintiffs challenged the ordinance's general prohibition on sitting or lying on a public sidewalk, *not* the permitting requirement for sitting or lying in connection with a demonstration. 97 F.3d at 304 n. 8.

only sitting and lying in certain places at certain times; it does not regulate speech or patently expressive conduct. *See Texas v. Johnson*, 491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) (finding that the First Amendment protects only conduct that conveys a particularized message that observers are likely to understand); *Clark v. Cmty. for Creative Non–Violence*, 468 U.S. 288, 306, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984) (Marshall, J., dissenting) ("[S]itting ... is not conduct that an observer would normally construe as expressive conduct.").

Amster's facial challenge to the Permitting Provision fails. We leave the question whether the Permitting Provision may be subject to a valid as-applied challenge for another day. *See Roulette*, 97 F.3d at 304 n. 10.

**REVERSED & REMANDED.**

*APPENDIX*

**ARTICLE V. SITTING OR LYING DOWN ON PUBLIC SIDEWALKS IN THE DOWNTOWN COMMERCIAL DISTRICT**

**Sec. 29–70. Prohibited conduct; exceptions.**

(a) No person shall sit or lie down upon a public sidewalk or upon a blanket, chair, stool, or any other object not permanently affixed upon a public sidewalk or median in the downtown central commercial district during the hours between 7:00 a.m. and 10:00 p.m. on weekdays and between 7:00 a.m. and 1:00 a.m. on Fridays and Saturdays.

(b) The prohibition in subsection (a) shall not apply to any person:

(1) Sitting or lying down on a public sidewalk due to a medical emergency;

(2) Who, as the result of a disability, utilizes a wheelchair, walker, or similar device to move about the public sidewalk;

(3) Operating or patronizing a commercial establishment conducted on the public sidewalks pursuant to a permit; or a person participating in or attending a parade, festival, performance, rally, demonstration, meeting or similar event conducted on the public sidewalk pursuant to a permit;

(4) Sitting on a chair or bench located on the public sidewalk which is supplied by a public agency or by the abutting private property owner; or

(5) Sitting on a public sidewalk within a bus zone while waiting for public or private transportation.

(c) Nothing in the exceptions enumerated in subsection (b) shall be construed to permit any conduct which is otherwise prohibited by law.

(d) No person shall be cited under this section unless the person engages in conduct prohibited by this section after having been notified by a law enforcement officer that the conduct violates this section.

(Ord. No. 98.57, 12–17–98).

**Sec. 29–71. Penalty.**

Violation of this article shall constitute a class 3 misdemeanor.

(Ord. No. 98.57, 12–17–98).